IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| LAWRENCE V. GWYNN, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. 1:24-cv-02934-PX |
| CAROLYN SCRUGGS *et al*., | * | |
| Defendants. | * | |
| | *** | |

**MEMORANDUM OPINION**

Pending in this civil rights action are two motions to dismiss the Amended Complaint filed by Defendants Centurion of Maryland, LLC ("Centurion"), YesCare Corp. ("YesCare") and Dr. Bolaji Onabajo ("Dr. Onabajo"). ECF Nos. 57 & 62. For the following reasons, the motions as to Centurion and Dr. Onabajo are granted, and the motion as to YesCare is denied without prejudice to refile.

## I.    Background

The Court construes the alleged facts as true and most favorably to Plaintiff Lawrence Gwynn ("Gwynn"), an inmate at Dorsey Run Correctional Facility ("DRCF"). ECF No. 49 ¶ 49. On November 16, 2022, Officer Adebukola Peter Adejumo ("Officer Adejumo") was driving a vehicle on the campus of Gwynn's prior place of incarceration when Officer Adejumo struck Gwynn while he was working in the sally port. *Id.* ¶¶ 13–16. The impact caused Gwynn "to be ejected into the air." Gwynn landed on a nearby supply cart and badly injured his pelvis. *Id.* ¶ 16.

Gwynn was immediately transported to Johns Hopkins Hospital for treatment. ECF No. 49 ¶ 19. He eventually returned to the prison and requested follow-up care as directed by his treating physicians at Johns Hopkins, but that request was "denied as a result of Corizon's . . .

1

policies." *Id.* ¶ 21.  At some point, however, "Dr. Tewelde," a prison physician, determined that Gwynn needed no further treatment other than "medication and bed rest."  *Id.* ¶ 22.  Gwynn, however, continued to suffer from "significant" back and hip pain "that made it difficult to walk or climb stairs."  *Id.* ¶ 23.

Gwynn, in turn, requested physical therapy several times.  ECF No. 49 ¶ 24.   Gwynn was next transferred to DRCF and was given three physical therapy sessions.  *Id.* ¶ 26.  Evidently, the treatment did not improve his condition.  *Id.*  In short order, back spasms rendered him unable to walk.  *Id.* ¶¶ 25–27.  Since then, Gwynn has trouble walking and tending to himself, and has also developed diabetes, hypertension, and hyperlipidemia.  *Id.*  ¶¶ 30–31.  Although Gwynn had been given temporary use of wheelchair and borrowed one from another inmate, the prison did not approve permanent use of a wheelchair until February 17, 2023.  *Id.* ¶ 28.

This lawsuit followed.  After obtaining counsel, Gwynn filed an Amended Complaint. ECF No. 49.  The Amended Complaint alleges claims related to the initial car accident against Officer Adejumo, Warden David Greene, and Commissioner of Correction Carolynn Scruggs (collectively, "Prison Official Defendants") (Counts II & III).  *Id.* ¶¶ 48–61.  The Prison Official Defendants answered the Amended Complaint.  ECF No. 63.

The Amended Complaint also brings a second set of claims arising from the medical care Gwynn received following the accident, namely an Eighth Amendment delay or denial of medical care claim against Centurion, YesCare and Dr. Onabajo (collectively, "Medical Defendants"), and a companion medical negligence claim.  ECF No. 49 ¶¶ 42–47, 62–69 (Counts I & IV).  The Medical Defendants contend that the Amended Complaint fails to state a claim against any of them.  ECF Nos. 57 & 62.  Defendant YesCare has since filed bankruptcy, *see In re CHS FL, LLC dba YesCare*, 2:26-bk-01087-FMR (M.D. Fla. Bankr.), thus triggering an automatic stay as to it,

pursuant to 11 U.S.C. § 362.  ECF Nos. 76.  Accordingly, the Court adjudicates the sufficiency of the claims solely as to Centurion and Dr. Onabajo.  ECF Nos. 57 & 62.[1]

## II.      Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint.  *See Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  The Court must accept "the well-pled allegations of the complaint as true" and most favorably to the nonmovant, *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997), to determine whether the complaint facts are sufficient to "raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citations omitted).  The Court, however, need not credit naked legal conclusions devoid of factual support.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  "[C]onclusory statements or 'a formulaic recitation of the elements of a cause of action will not [suffice].'"  *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555).

Gwynn incorporates the exhibits attached to his original complaint by reference into the Amended Complaint.  *See* ECF No. 49 (referencing ECF Nos. 1-1 through 1-40).  Materials attached to a pleading may be considered if integral to the complaint and authentic without transforming the motion to dismiss into one for summary judgment.  *See* Fed. R. Civ. P. 10(c); *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).  Where a conflict exists "between the bare allegations of the complaint and any exhibit attached to the complaint, . . . the

---

[1] Dr. Onabajo moves twice for dismissal—once with Centurion (ECF No. 57) and again with YesCare (ECF No. 62). The arguments in both motions are identical, although at ECF No. 62, he alternatively seeks summary judgment in his favor.  Absent formal discovery, the Court declines to treat his motion as one for summary judgment.  *See Moret v. Harvey*, 381 F. Supp. 2d 458, 464 (D. Md. 2005).  Additionally, Gwynn moves nunc pro tunc to extend the time to respond to ECF No. 57.  *See* ECF No. 72.  Gwynn filed his response three weeks after the filing deadline, and he presents no good cause to explain the late filing.  ECF No. 72.  That said, the Court has considered the opposition, and so it grants the motion at ECF No. 72.

exhibit prevails." *Fayetteville Inv'rs. v. Commercial Builders, Inc*., 936 F.2d 1462, 1465 (4th Cir. 1991) (citation omitted.

With this standard in mind, the Court assesses the sufficiency of each claim separately.

## III.    Analysis

### A.  Eighth Amendment Denial of Medical Care (Count I)

Gwynn does not dispute that Centurion assumed the health care contract for the Maryland Department of Corrections on August 1, 2024, and all events supporting the claims appear to have predated Centurion's involvement.  ECF No. 57-1 at 2.  Thus, contends Centurion, it should be dismissed from the Complaint.  *Id.*  Gwynn does not meaningfully respond.  ECF No. 66 at 5. Because Gwynn has not demonstrated how the successor corporation could be held liable for acts which predated its assumption of the prison healthcare contract, Centurion is dismissed on that basis alone.

However, even if somehow Centurion could remain in the case, the Eighth Amendment claim fails because no facts make plausible that any alleged denial of medical care was pursuant to Centurion's[2] unconstitutional practices, policies or regulations.  A municipality cannot be responsible for the constitutional deprivations of its agents on a respondeat superior liability theory.  *Aurel v. Hallworth*, Civ. No. ELH-19-0185, 2020 WL 5423184, at *13 (D. Md. Sept. 10, 2020) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).  Rather, the claim survives only where the alleged unconstitutional acts were undertaken pursuant to the municipality's policy, ordinance, regulation, or decision that it "officially adopted and promulgated[.]"  *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 690 (1978).  Nothing in the Amended Complaint makes plausible that Gwynn

---

[2] Although Centurion is a private corporation, it may still be held liable for constitutional violations pursuant to 42 U.S.C. § 1983 if it assumes functions otherwise reserved for state actors.  *See, e.g.*, *Rodriguez v. Smithfield Packing Co., Inc*., 338 F.3d 348, 355 (4th Cir. 2003); *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999).

had been denied physical therapy, a wheelchair or any other related medical care pursuant to a specific policy, practice or custom of Centurion's.  Because no facts nudge this claim from possible to plausible, Count I is dismissed as to Centurion.

As to Dr. Onabajo, the claim also fails.  To make plausible an Eighth Amendment violation arising from denial of medical care, the complaint must adduce some facts to show that the medical provider acted with deliberate indifference to the plaintiff-inmate's serious medical need, that the defendant had been aware of the plaintiff's need, and that defendant nonetheless failed to provide the care or secure it from others.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995) (quoting *Farmer*, 511 U.S. at 844).  Thus, "[d]eliberate indifference is a very high standard – a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695–96 (4th Cir. 1999), *abrogated on other grounds by Short v. Hartman*, 87 F.4th 593 (4th Cir. 2023).  "[T]he Constitution is designed to deal with deprivations of rights, not errors in judgment, even though such errors may have unfortunate consequences." *Grayson*, 195 F.3d at 695–96; *see also Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (describing the applicable standard as "exacting").

Viewing the Amended Complaint most favorably to Gwynn, no facts make plausible that Dr. Onabajo delayed or denied Gwynn necessary medical care with deliberate indifference.  The pleading recites a boilerplate laundry list of nonspecific accusations that Dr. Onabajo "ignor[ed] Plaintiff's repeated complaints of pain and loss of mobility," "failed to properly diagnose, treat, or refer Plaintiff for appropriate medical evaluation" and "prescribe[ed] ineffective medications that worsened Plaintiff's condition, causing severe side effects including inability to swallow and loss

of appetite for seven days." ECF No. 49 ¶¶ 45–46. But the incorporated medical records reflect that Dr. Onabajo treated Gwynn episodically and appeared to respond reasonably to Gwynn's complaints. *See* ECF Nos. 1-19, 1-23, and 1-27. At Gwynn's first visit with Dr. Onabajo on January 10, 2023, Dr. Onabajo noted Gwynn's injuries, pain, and difficulty walking. ECF No. 1-19. Dr. Onabajo accordingly directed that Gwynn receive physical therapy "as soon as possible," and recommended Gwynn continue walking, but also directed staff to "dispense a wheelchair." *Id.* Dr. Onabajo next saw Gwynn on March 14, 2024, based on a referral to the "pain management panel," and continued Gwynn on several medications. ECF No. 1-27. Otherwise, no complaint facts demonstrate that Dr. Onabajo had been involved in Gwynn's care.

From this, the Amended Complaint establishes Dr. Onabajo's knowledge of Gwynn's serious medical needs. But nothing makes plausible that Dr. Onabajo knowingly, recklessly or with the deliberate indifference, refused to treat Gwynn for those needs. *See Brice*, 58 F.3d at 105. If anything, the record, as incorporated into the pleading, shows Dr. Onabajo's care was adequate and timely. Thus, Count I against Dr. Onabajo is also dismissed.

### B. Medical Negligence (Count IV)

Next, as to the negligence claims, Centurion and Dr. Onabajo correctly argue that because Gwynn did not exhaust administrative remedies in advance of filing suit, the claims must be dismissed. ECF No. 57-1 at 5–6. The Maryland Healthcare Malpractice Claims Act provides that "[a] person having a claim against a health care provider for damage due to a medical injury shall file the claim with the Director" of the Health Claims Alternative Dispute Resolution Office ("HCADRO") prior to filing suit. MD. CODE ANN., Cts. & Jud. Proc. § 3-2A-04(a)(1)(i). This requirement applies regardless of whether the suit begins in state or federal court. *See Krempa v. Parrish*, No. Civ. No. ELH-11-2597, 2012 WL 1123874, at *5 (D. Md. Apr. 2, 2012) (citing MD. CODE ANN., Cts & Jud. Proc. Art., §§ 3–2A–01 *et seq.*) (collecting cases). Thus, "[i]n the absence

6

of a demonstration that plaintiff has complied with this condition precedent to filing of a medical malpractice suit," the claims must be dismissed.  *Id.  See also Zeller v. Zhou*, Civ. No. PWG-20-3485, 2021 WL 765705, at *3 (D. Md. Feb. 25, 2021) ("[A] plaintiff in a medical malpractice action must file a Statement of Claim and a Certificate of Qualified Expert in the Health Claims Alternative Dispute Resolution Office ("HCADRO") of Maryland as a condition precedent to proceeding with the claim in court."); *Johnson v. Maynard*, Civ. No. ELH-12-2692, 2013 WL 4176958, at *13 (D. Md. Aug. 12, 2013).[3]

Gwynn does not demonstrate that he exhausted such remedies.  Instead, he responds that "[f]ederal courts applying § 1983 have [] refused to enforce state-law procedural barriers that would limit federal claims."  ECF No. 66 at 3.  But this claim sounds in common law negligence, not 42 U.S.C. § 1983.  *Cf. Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986); *Daniels v. Williams*, 474 U.S. 327, 333–34 (1986); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Thus, this contention is unavailing.  Count IV must be dismissed on this ground.

Moreover, even if Gwynn had exhausted remedies, the claim fails on the merits.  As a common law negligence claim, *DeBlois v. Corizon Health, Inc*., Civ. No. ELH-20-1816, 2020 WL 7027450, at *6 (D. Md. Nov. 30, 2020), some facts must make plausible that the defendant-medical provider owed the plaintiff-patient a duty of care as articulated in standard of care generally accepted in the provider's field; that the defendant breached that standard of care; that

---

[3] To exhaust the claim, the Healthcare Malpractice Claims Act requires the plaintiff to "file a certificate of a qualified expert with the Director attesting to departure from standards of care, and that the departure from standards of care is the proximate cause of the alleged injury, within 90 days from the date of the complaint."  MD. CODE ANN., Cts. & Jud. Proc. § 3-2A-04(b)(1)(i).  While nothing suggests that Gwynn attempted to exhaust at all, the Court is mindful that if he had, this Court must follow federal pleading requirements when considering the legal sufficiency of the negligence claims.  *See Berk v. Choy*, 607 U.S. 187, 193–94 (2026).  *See also D.C. Water & Sewer Auth. v. Samaha Assocs., PC*, Civ. No. 23-CV-1328-ABA, 2026 WL 654130, at *5 (D. Md. Mar. 9, 2026) (following *Berk*, and concluding that more onerous state pleading requirements in professional negligence case cannot displace federal pleading rules).  Sufficiency of the claim as pleaded, however, presents a different question than whether the plaintiff met pre-suit exhaustion requirements.

the breach was the cause-in-fact and proximate cause of the claimed injury; and the breach resulted in damages. *See Am. Radiology Servs., LLC v. Reiss*, 236 A.3d 518, 531 (Md. 2020). *See also Armacost v. Davis*, 200 A.3d 859, 872 (Md. 2019) (characterizing a "medical malpractice tort" as a "traditional negligence claim") (quoting *Dehn v. Edgecombe*, 865 A.2d 603, 610 (Md. 2005)). Although Gwynn contends that the negligence claim arises from a failure to provide adequate physical therapy, a wheelchair, and proper medications, no facts ascribe the lack of care to Dr. Onabajo or Centurion. Thus, the Amended Complaint fails to state a negligence claim as to them. Count IV is dismissed.[4]

## IV.    Dismissal With or Without Prejudice

As for whether the claims should be dismissed with or without prejudice, the Court retains wide discretion in this regard. *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013). Dismissal with prejudice is justified where, as here, Gwynn was already alerted to the pleading defects in prior motions, ECF Nos. 30 & 41, had the benefit of counsel, and nonetheless did not cure the defects through amendment. ECF No. 49. *See Glover v. Loan Science, LLC*, Civ. No. PWG-19-01880, 2020 WL 3960623, at *3 (D. Md. July 13, 2020) (citing *Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. App'x 899, 900 (4th Cir. 2013)). The Court sees no reason to allow Gwynn a further opportunity to amend in this Court. *See McLean v. United States*, 566 F.3d 391, 401 (4th Cir. 2009), *abrogated on different grounds by Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020).

That said, the Court recognizes that it dismisses the negligence claim, at least in part, because he Gwynn has not exhausted administrative remedies. Because theoretically Gwynn may

---

[4] Even if the medical negligence claim survived on the merits, the Court would decline to exercise supplemental jurisdiction over it. "When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction." *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726–27 (1966)).

still exhaust, this Court ought to give him that opportunity.[5]  Accordingly, even though the Court will not permit further amendment of the pleading here, it will dismiss medical negligence claim (Count IV) without prejudice so that Gwynn can pursue the claim in state court, if possible.  The Eighth Amendment claim (Count I) is dismissed with prejudice as to Dr. Onabajo and Centurion.

## V.   Conclusion

For the reasons discussed, Centurion of Maryland, LLC and Dr. Bolaji Onabajo's motion to dismiss the Amended Complaint, ECF Nos. 57 & 62, are granted, and as to both Centurion and Dr. Onabajo, Count I is dismissed with prejudice and Count IV is dismissed without prejudice.  As to YescCare Corp., the motion at ECF No. 62 is denied without prejudice.  YesCare may refile the motion to dismiss or answer the Amended Complaint within fourteen days after the automatic stay is lifted in its bankruptcy action.

A separate order follows.

6/12/2026 _____          _____/s/_____
Date                              Paula Xinis
                                  United States District Judge

---

[5] The statute of limitations for filing an action in Maryland "arising out of the rendering of or failure to render professional services by a health care provider, as defined in § 3-2A-01" is the earlier of "(1) Five years of the time the injury was committed; or (2) Three years of the date the injury was discovered."  MD. CODE ANN., Cts. & Jud. Proc. § 5-109(a)(1)–(2).